**Jimmie E. SMALL, Plaintiff,**

v.

**Elaine E. CHAO, Secretary U.S. Department of Labor, Illinois Department of Commerce and Community Affairs, Two Rivers Regional Council of Public Officials, Carl Sandburg College JTPA, and West Central Workforce Development Council, its agents and assigns, Defendants.**

No. 02–3191.

United States District Court, C.D. Illinois, Springfield Division.

March 31, 2003.

Jimmie E. Small, Quincy, IL, pro se.

James A. Lewis, US Attorney, Springfield, IL, for Defendant.

### ORDER

SCOTT, District Judge.

This matter comes before the Court on Defendant Elaine E. Chao's, Secretary of the U.S. Department of Labor ("Secretary"), Motion to Dismiss (d/e 53). For the reasons stated below, the Secretary's Motion to Dismiss is ALLOWED.

### FACTS

Plaintiff Jimmie Small is a 57–year–old Caucasian man. In his Complaint, Plaintiff alleges that he gained residence in a homeless shelter with the assistance of Defendant Two Rivers Regional Council of Public Officials ("Two Rivers"). He further alleges that on July 30, 1996, the Department of Commerce and Community Affairs ("Department") required him to attend training and employment seminars. Pursuant to this job training, Two Rivers sent him information which included a pamphlet describing course offerings at Gem City College. Among the training courses listed was a paralegal training program. Plaintiff alleges that sometime prior to September 15, 1996, he filled out a standard Job Training Partnership Act ("JTPA") application to indicate that he wanted to take paralegal training courses. The JTPA provided federal funding to be administered by the various states for the purpose of training certain disadvantaged persons. In Illinois, the Department oversees the JTPA program. Plaintiff alleges that Carl Sandburg College ("Carl Sandburg") funded these courses under the JTPA.

Plaintiff alleges that he was not enrolled in a training program within 45 days of filling out and returning the training application. Plaintiff states that Defendants' failure to enroll him in the program within 45 days violated his rights because the JTPA System Reference Manual explained that participants must be enrolled in a program within 45 days of applying or that a new application should be given. *Complaint* ¶ 17. Plaintiff further alleges that Defendants did not provide him with a new application to reapply to the training program, as was required in the training manual. He alleges that such failures constituted intentional discrimination based on his age, race and sex.

Prior to July 7, 1997, Plaintiff applied for federal grant money to help finance his education. He alleges that he was eligible for $2,150 in funding. On July 29, 1997, Plaintiff received a letter from an employee of Two Rivers which indicated that funding would be applied on a "case-by-case basis." *Complaint* ¶ 71. The letter also indicated that Plaintiff's grant would be discussed at the next meeting of the Private Industry Council's Executive Committee, which is the governing board of Two Rivers. Plaintiff claims that although Two Rivers and Carl Sandburg knew that Plaintiff had received information approving his grant, they did not discuss this grant at the next meting on August 13, 1997. Plaintiff alleges that as a result of the failure to discuss his grant, he never received the money.

On August 19, 1997, the Private Industry Council denied Plaintiff's request for paralegal training at Gem City College. Plaintiff states that this was an intentional violation of his rights. On September 5 and September 15, 1997, Plaintiff filed a grievance against Judy Leonard, an employee of Two Rivers and Blanche Shoupe and Betty McNaught, employees of Carl Sandburg. Plaintiff did not use the grievance form provided by the JTPA. Instead he filed a "Motion to Strike" the decision not to have paralegal training. Plaintiff claims that Defendants demonstrated

"reckless disregard" for his grievance claim. *Complaint* ¶ 23. Plaintiff alleges that as of October 18, 1998, he had not received any response to these complaints.

On October 18, 1999, Plaintiff submitted a JTPA appeal form to Cathy Harger at the Department. Plaintiff states that on that date, EO Officer Renee Moore and Agent Victoria D. Ben–Rochelle, and Susan Budgeline intentionally attempted to "circumvent [Plaintiff's] civil rights" by trying to discourage him from proceeding with his complaints dated in September 1997. *Complaint* ¶ 29.

On October 20, 1999, a hearing was held with regard to Plaintiff's complaints filed two years earlier. Plaintiff claims that this two-year delay was intentional. West Central Workforce Development Council ("West Central") employee Michael Sherer acted as a hearing officer in an attempt to resolve Plaintiff's grievance with Two Rivers. Plaintiff claims that at the hearing, Sherer coerced him into accepting a settlement of his charges. On November 23, 1999, Plaintiff alleges that Sherer threatened Plaintiff with reprisal if he persisted in his discrimination claims. *Complaint* ¶ 51.

On February 16, 2000, Plaintiff filed a complaint with the United States Department of Labor claiming that Carl Sandburg, Two Rivers, and the Department had discriminated and retaliated against him because of his status as an indigent person. The Department of Labor dismissed Plaintiff's claims on September 5, 2001, stating that there was insufficient evidence of Plaintiff's claims. Plaintiff claims that the Department of Labor retaliated against him for his "whistleblowing complaint." *Complaint* ¶ 48. Plaintiff also claims that the Department of Labor "issued threats of reprisal" against Plaintiff, if he persisted with his claims. *Complaint* ¶ 50.

Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC) against the Department of Labor, Two Rivers, Carl Sandburg, and West Central on April 22, 2002. He received right to sue letters on May 8, 2002. These letters each indicate that Plaintiff did not file charges with the EEOC in a timely manner. Plaintiff filed his Complaint in this Court on July 29, 2002.

Plaintiff claims that each of the Defendants violated his rights under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act in that they intentionally discriminated against him based on his age (Count I), his race (Count II) and his sex (Count IV). Count III alleges a claim for breach of contract, and a claim that Defendants retaliated against Plaintiff for filing his discrimination grievances. Plaintiff contends that Defendants Two Rivers and Carl Sandburg entered into a binding agreement with Plaintiff on July 30, 1996. Plaintiff contends that Defendants breached this agreement in order to retaliate against Plaintiff. *Complaint* ¶ 94.

■ On January 15, 2003, this Court dismissed all Defendants except for the Secretary. On January 17, 2003, the Secretary filed this Motion to Dismiss. The Secretary states that her Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. However, most of the arguments in the Memorandum in Support of this Motion indicate that the Secretary believes that the Court lacks subject matter jurisdiction to hear this motion. The Memorandum in Support of the Secretary's Motion, in fact, is entitled "Defendant Secretary of Labor's Memorandum of Law, in Support of Motion to Dismiss for Lack of Jurisdiction." Accordingly, the Court will consider this Motion to Dismiss

as one brought for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion will be considered under Rule 12(b)(6) with respect to the claims apparently brought against the Secretary under Title VII, ADEA, and breach of contract.

In support of the Secretary's Motion to Dismiss, she has attached (1) the Final Agency Action by the Department of Labor's Civil Rights Center (CRC) dismissing Small's claim for insufficient evidence; and (2) a November 14, 2001, Order of the United States Court of Appeals for the Seventh Circuit determining that the Court of Appeals lacks subject matter jurisdiction to review the September 5, 2001, decision of the CRC. For the reasons stated below, this Court finds that, like the Court of Appeals, it lacks subject matter jurisdiction to review the CRC's Final Agency Action dated September 5, 2001.

## STANDARD OF REVIEW

■ In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must accept Plaintiff's well-pleaded factual allegations as true. The Court must draw all reasonable inferences in Plaintiff's favor. *Transit Exp., Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir.2001) (citations omitted). The Court may examine evidence beyond the complaint, however. *Bastien v. AT&T Wireless Services, Inc.*, 205 F.3d 983, 990 (7th Cir.2000).

■ Federal courts are not courts of general jurisdiction. They have only those powers authorized by the Constitution and statutes enacted by Congress pursuant to the Constitution. 28 U.S.C. § 1331; *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). Therefore, any cause of action not authorized by the Constitution or federal statute must be dismissed for lack of subject matter jurisdiction.

## ANALYSIS

■ At the outset, Small argues that this Court should not rule on the Government's Motion to Dismiss because the Secretary has not filed the proper certification that the attorney is in good standing, pursuant to CD–IL 83.5. Since the filing of his complaint, Small has filed several motions to strike various pleadings and motions by the Defendants for this same reason. The Court will treat this as a Motion to Strike the Secretary's Motion to Dismiss. Small has waived this argument because he did not file the Motion to Strike within the time frame allotted by the local rules. *See* CD–IL 7.1. Therefore, the Motion to Strike is denied. The Court will rule on the merits of the Secretary's Motion to Dismiss.

First, since Small was not employed by the Department of Labor, his Title VII and ADEA claims against the Secretary fail. He had no contractual relationship with the Secretary; therefore, his breach of contract claim must also be dismissed.

Next, the Secretary argues that this Court lacks subject matter jurisdiction to review the Final Agency Action by the CRC. Small filed his complaint with the Department of Labor pursuant to 29 U.S.C. § 1577. The JTPA provides that "[n]o individual shall be excluded from participation in, denied the benefits of, subjected to discrimination under, or denied employment in the administration of or in connection with [a JTPA] program because of race, color, religion, sex, national origin, age, disability, or political affiliation or belief." 29 U.S.C. § 1577(a)(2). If the CRC chooses to accept a complaint, it may conduct an investigation of the complaint and then issue an initial determination. 29 C.F.R. § 34.43(g)(9)(i). If the CRC determines that there has been no violation, it issues a Final Agency Action to close the

claimant's complaint. 29 C.F.R. § 34.43(g)(9)(ii).

■ The Secretary argues that the CRC's decision in this case is not reviewable by this Court. The Administrative Procedure Act ("APA") provides that "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. There are limitations on such review, however. 5 U.S.C. § 701(a)(2). Judicial review is inapplicable if (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law. In *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), the Supreme Court held that there is a presumption that an agency's decision not to take enforcement action has been committed to agency discretion by law. *See also Andrews v. Consolidated Rail Corp.*, 831 F.2d 678, 685 (7th Cir.1987). This presumption may be overcome, however, if there is statutory language limiting the agency's discretion. *See Andrews*, 831 F.2d at 687. The JTPA's language does not provide limits on the Department of Labor's discretion in advancing discrimination actions brought pursuant to 29 U.S.C. § 1577. The JTPA section discussing judicial review is § 1578. It states:

(1) With respect to any final order by the Secretary under section 1576 of this title whereby the Secretary determines to award, to not award, or to only conditionally award, financial assistance, with respect to any final order of the Secretary under section 1576 of this title with respect to a corrective action or sanction imposed under section 1574 of this title, and with respect to a denial of an appeal under section 1511(4)(C) of this title or 1515(b)(2) of this title, any party to a proceeding which resulted in such final order may obtain review of such final order in the United States Court of Appeals having jurisdiction over the applicant or recipient of funds, by filing a review petition within 30 days of such final order.

There is no mention of judicial review of decisions by the Secretary under § 1577 or limitation on agency discretion.

■ After Small filed a complaint with the CRC, the CRC investigated the complaint and found that there was insufficient evidence to sustain a charge of discrimination. *See Memorandum in Support of Motion to Dismiss*, Exhibit A. The CRC also found that there were legitimate non-discriminatory reasons supporting the decision not to offer Small the paralegal training that he requested. It then issued a Final Agency Action not to institute any enforcement proceedings and closed the case. The Court finds that the decision by the CRC, as part of the Department of Labor, is one committed to the Secretary's discretion. That decision is not reviewable by this Court. *See Order* No. 01–3603, 7th Cir., November 14, 2001.

## CONCLUSION

For the reasons stated above, this Court lacks subject matter jurisdiction over Small's claim against the Secretary. THEREFORE, the Secretary's Motion to Dismiss (d/e 53) is ALLOWED. This case is closed. IT IS THEREFORE SO ORDERED.